| STATE OF OREGON | ) | | |
|---|---|---|---|
| | ) | ss: | AFFIDAVIT OF WADE MUTCHLER |
| County of Multnomah | ) | | |

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Wade Mutchler being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed since July 2002. I completed New Agents Training in November 2002 and was assigned to the Portland Division of the FBI. I completed training at the FBI Hazardous Devices School in September 2009 and currently work as a Special Agent Bomb Technician with the Portland Division Joint Terrorism Task Force (JTTF). I have served as the lead Case Agent or assisted in the investigation of both the use and threatened use of explosives.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Isaiah Jason MAZA, Jr. As set forth below, I have probable cause to believe that MAZA committed or attempted to commit a forcible assault on a federal officer using a dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b), and willfully injured and committed depredation against property of the United States exceeding $1,000, in violation of 18 U.S.C. §§ 1361 and 2.

3. The facts set forth in this affidavit are based on the following: my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, my review of records related to this investigation, communication with others who have knowledge of the events and circumstances described herein, and information gained through my training and

Page 1 – Affidavit of Wade Mutchler

experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for an arrest warrant, it does not set forth each fact that I or others have learned during this investigation.

**Applicable Law**

4. 18 U.S.C. § 111(a) prohibits forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with any person designated in 18 U.S.C. § 1114 while that person is engaged in or on account of the performance of official duties. 18 U.S.C. § 111(b) provides an enhanced penalty if a person who commits any act described in § 111(a) uses a deadly or dangerous weapon or inflicts bodily injury.

5. 18 U.S.C. § 1361 prohibits willfully injuring or committing any depredation against any property of the United States or any department or agency thereof, or attempting to do so. A violation of § 1361 is a felony if the damage or attempted damage exceeds $1,000.

6. Under 18 U.S.C. § 2, anyone who commits an offense against the United States or who aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

**Statement of Probable Cause**

7. Since the end of May 2020, the Mark O. Hatfield United States Courthouse (MHUSC), located at 1000 SW Third Avenue, Portland, Oregon, has been the focus of nightly demonstrations. Although most of the demonstrations have been peaceful, some of those present have engaged in illegal activity to include damage to property and causing injuries to law enforcement personnel assigned to protect federal property.

8. During the early morning hours of July 22, 2020, a group of individuals gathered in exterior entryway of the MHUSC. As part of the security system of the MHUSC, several security cameras are affixed to the building. Many of the details of the events described in this affidavit were captured by this surveillance system.

9. Shortly after 1:30 a.m. on July 22, 2020, several members of the group began to remove the exterior protective layers of plywood that were attached to the front of MHUSC to protect its damaged glass façade (Photo 1, below). MAZA was one of the individuals who was present and who engaged in this activity (Photo 2). For several minutes, members of the group, including MAZA, made numerous efforts to take down the plywood covering, and ultimately succeeded. Once they gained access to the glass of the front window, MAZA made multiple attempts to kick in the window, tried to throw various objects through it, and repeatedly pounded on it with an object in his hands that appears to be a hammer. MAZA was unsuccessful in those efforts.



Photo 1

**Page 3 – Affidavit of Wade Mutchler**


Photo 2

10. At approximately 1:44 a.m., after a number of people removed the entire wooden structure covering the windows, an unknown individual broke a portion of one of the windows in the MHUSC using what appears to be a long 2" x 4" piece of wood. After this breach in the window is created, at approximately 1:45:52 a.m., MAZA walks over to the window holding what appears to be a yellow cylindrical object and his telephone. He is holding the cylindrical object by what appears to be a cord or string, from which the cylinder dangles. MAZA then appears to light the cord or string attached to the cylinder (Photo 3, below). At approximately 1:45:58, a large amount of flame and sparks appear next to MAZA (Photo 4). It appears to me to be a fuse burning. Once the item is lit, MAZA places the object inside of the opening of the window and backs away. MAZA briefly holds up what appears to be a cellular telephone, pointing it toward the broken window into which he placed the cylindrical object, then walks up

and kicks away additional glass from the window.  MAZA then leaves the entryway area of the MHUSC.


Photo 3

**Page 5 – Affidavit of Wade Mutchler**


Photo 4

11. At approximately 1:45:48 a.m. law enforcement officers begin to exit from the MHUSC through the broken window. As law enforcement officers are exiting, at approximately 1:46:10, a small flash appears in the lower right corner of the video. At approximately 1:46:11, what appears to be a larger explosion takes place in the area of the broken window where law enforcement officers continue to exit (Photo 5, below). This explosion occurs in very close proximity to AV1, a Deputy United States Marshal who was walking out of the courthouse through the broken window. AV1 staggers and leans up against the side of the courthouse immediately after the large explosion.



Photo 5

12. On July 22, 2020, AV1 was working as part of a security detail with the United States Marshal Service (USMS). AV1, along with other USMS and Federal Protective Service (FPS) officers, were inside the courthouse lobby. They were assigned to exit the courthouse to stop damage that was taking place to the front entryway. AV1 was toward the back of the group that exited. AV1 stated that when he exited the building on July 22, he recalled seeing a bright light and feeling the pressure wave of the explosion. AV1 reports that he received injuries to both of his legs as a result of the explosion (Photos 6 and 7, below).



Photos 6 & 7

**Page 8 – Affidavit of Wade Mutchler**

13. MAZA was clearly depicted on the courthouse security camera video, although his identity was not known at that time. On July 31, 2020, deputy U.S. Marshals spotted MAZA on SW Third Avenue near SW Main Street, less than one block from the courthouse, and positively identified him as the person depicted in the courthouse security camera video. MAZA ran from deputy marshals who tried to arrest him. They took him into custody several blocks away following a foot pursuit. MAZA had an iPhone on his person at the time of his arrest.

14. ATF Special Agent Nathan Miller and I interviewed MAZA in the USMS detention facility in the MHUSC. We advised MAZA of his *Miranda* rights. MAZA stated he understood his rights, and agreed to talk to us.

15. During the interview, MAZA initially told us that he had never been to the protests taking place in Portland. He later told us he had been at the protests a couple of times. We showed MAZA a copy of the video in which he damaged property and placed the pyrotechnic inside of the courthouse. MAZA initially admitted it was him, but claimed that he did not remember any of it. MAZA subsequently stated that the pyrotechnic had been given to him by someone else. MAZA admitted seeing law enforcement officers inside of the courthouse, but claimed he did not see anyone near where he placed the pyrotechnic. He described the pyrotechnic as being about as big as his hand, but thought it was only a "groundbloom" that would not cause a big explosion. MAZA was aware that even if it was only a "groundbloom," it would still likely cause damage to the courthouse.

16. As a Deputy U.S. Marshal, AV1 is a person designated in 18 U.S.C. § 1114. At the time MAZA lit the pyrotechnic and dropped it in the broken window of the courthouse, AV1 was engaged in the performance of his official duties as a Deputy U.S. Marshal.

## **Conclusion**

17. Based on the foregoing, I have probable cause to believe that Isaiah Jason MAZA, Jr., committed an assault upon a federal officer, using a dangerous weapon and causing bodily injury, in violation of 18 U.S.C §§ 111(a) and (b). I also have probable cause to believe that MAZA, along with others who have not yet been identified, willfully injured and committed a depredation against the Mark O. Hatfield United States Courthouse, or attempted to do so, in violation of 18 U.S.C. §§ 1361 and 2. I therefore request that the Court issue a criminal complaint and arrest warrant charging MAZA with those offenses.

18. Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Gary Sussman. AUSA Sussman informed me that in his opinion, the affidavit is legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

*(By telephone)*
Wade Mutchler
Special Agent
Federal Bureau of Investigation

Sworn to by telephone or other reliable means in accordance with Fed. R. Crim. P. 4.1 at __5:17__ am/pm on August __2__, 2020.

*[signature: Jolie A. Russo]*
HONORABLE JOLIE RUSSO
United States Magistrate Judge